**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN CHARLES GOFF, | No. 22-15511 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01286-DLR |
| v. | |
| DAVID SHINN, Director; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 18, 2023[**]

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Arizona state prisoner Shawn Charles Goff appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012)

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(dismissal under 28 U.S.C. § 1915A); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment for defendant Dr. Whalen because Goff failed to raise a genuine dispute of material fact as to whether Dr. Whalen was deliberately indifferent to his serious medical needs. *See Toguchi*, 391 at 1060-61 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence or difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly dismissed Goff's claim against defendants Corizon and Centurion because Goff failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom of these contracted health care providers. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (to state a § 1983 claim against a private entity that acts under color of state law, a plaintiff must show that a constitutional violation "was caused by an official policy or custom of [the private entity]").

The district court did not abuse its discretion in denying Goff's motion for appointment of counsel because Goff failed to demonstrate "exceptional circumstances" warranting appointment. *See Cano v. Taylor*, 739 F.3d 1214, 1218

(9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

**AFFIRMED.**